UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEROME SPENCER,
      Plaintiff,

v.                                        CIVIL ACTION NO. 25-13791-MPK

MASS AGAINST DISCRIMINATION, et al.,
      Defendants.

ORDER OF REASSIGNMENT TO DISTRICT JUDGE AND
REPORT AND RECOMMENDATION OF DISMISSAL

KELLEY, U.S.M.J.

By order issued on February 2, 2026, the court denied pro se Plaintiff, Jerome Spencer's, motion for leave to proceed *in forma pauperis*, without prejudice, as incomplete,[1] and ordered that he either pay the filing fee or file a new motion for leave to proceed *in forma pauperis* and that he show why the action should not be dismissed, by March 9, 2026. (#9.)

In the February 2 order, the court reasoned that the Massachusetts Commission Against Discrimination was likely immune from suit; Spencer had not identified, and the court could not discern, a claim for which the Commonwealth had waived, or Congress had abrogated, the state's sovereign immunity. *Id*. at 4-5. As to both Defendants,[2] the allegations of delay, deception, and discrimination were conclusory, and Spencer failed to identify the law or statutes they allegedly violated. Assuming that Spencer intended to invoke Title VII of the Civil Rights Act, the

---

[1] The motion was not signed or dated by Spencer and he did not answer Questions 5 and 6 and only answered Questions 3 and 8 in part. *See* #2; *see also* #9 at 1-2.

[2] The other is the Intercontinental Hotel.

allegations were conclusory, and it appeared that he had not exhausted his administrative remedies. *Id*. at 3-4.

In the February 2 order, the court warned Spencer that his failure to pay the filing fee or file a new motion for leave to proceed *in forma pauperis* and to show why the action should not be dismissed by the March 9 deadline may result in dismissal of the action by a United States District Judge. *See id.* at 1, 5. The order was mailed to Spencer on February 2. (#10.)

The March 9 deadline has now passed, and Spencer has not paid the filing fee or filed a new motion for leave to proceed *in forma pauperis* and has not shown why the action should not be dismissed. *See* Docket.

I. Order of Reassignment to District Judge.

The court concludes that the action should be dismissed but cannot dismiss the action because the parties have not consented to a Magistrate Judge conducting all proceedings, including entry of final judgment. *See* 28 U.S.C. § 636(b)(1)(A), (c)(1). The court therefore orders the reassignment of the action to a District Judge.

II. Report and Recommendation of Dismissal, Without Prejudice.

A district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute, as well as for the plaintiff's failure to comply with its orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962); *see Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir. 1977); *see also Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002); *Tyree v. Fair*, No. 92-1742, 1993 WL 88958, at *3 (1st Cir. Mar. 9, 1993) (per curiam) (unpublished). Such authority is to be exercised with caution, *see Zavala Santiago*, 553 F.2d at 712; however, the court recommends dismissal without prejudice here. Spencer has not timely paid the filing fee or filed a new motion for *in forma pauperis* and has not shown why the action should not be dismissed.

III. <u>Review by District Judge</u>.

Pursuant to Fed. R. Civ. P. 72(b)(2), any party who objects to the Report and Recommendation of Dismissal must file a specific written objection with the Clerk within fourteen (14) days of service of the Report and Recommendation of Dismissal. The written objections must specifically identify the portions of the Report and Recommendation of Dismissal to which objection is made and the basis for such objection. Failure to comply with Rule 72(b)(2) will preclude further appellate review.

/s/M. Page Kelley
M. Page Kelley
United States Magistrate Judge

March 11, 2026

3